UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY THREATT, #182625,

        Plaintiff,                                No. 91-cv-70336

vs.                                                    Hon. Gerald E. Rosen

SYLVESTER KITCHEN, et al.,

        Defendants.
_____/

**<u>ORDER DENYING PLAINTIFF'S FED. R. CIV. P. 60(b) MOTION</u>**

By Order dated February 28, 1991, the Court dismissed Plaintiff's complaint as frivolous pursuant to 28 U.S.C. § 1915. More than 10 years later Plaintiff attempted to resuscitate this action: he returned to this Court and filed a Fed. R. Civ. P. 60(b) Motion arguing that the 1991 Judgment of Dismissal was "void" and, therefore, he was entitled to relief pursuant to Fed. R. Civ. P. 60(b)(4). In that 2001 Rule 60(b) motion, Plaintiff claimed that it was clear error for the Court to dismiss his complaint *sua sponte*. The Court rejected Plaintiff's argument, pointing out that *sua sponte* action is not only sanctioned but also it is statutorily mandated by 28U.S.C. § 1915A.

Further, with regard to Plaintiff's claim that the Judgment was void, the Court noted that "[i]n the interest of finality, the concept of void judgments is narrowly construed." *Days Inn Worldwide v. Patel*, 485 F.3d 899, 907 (6th Cir. 2007) (quoting *Hooks v. Hooks*, 771 F.2d 935, 949 (6th Cir.1985)). Accordingly, "only judgments that

show a jurisdictional defect on the face of the record are classified as void judgments." *Id.* The Court found no such defect in this case and, therefore, Court determined that Plaintiff was not entitled to relief from the Judgment pursuant to Rule 60(b)(4).

Plaintiff thereafter appealed to the Sixth Circuit Court of Appeals but the appellate court, likewise, found that Plaintiff's action was frivolous, denied his application to proceed *in forma pauperis*, and dismissed Plaintiff's appeal on December 19, 2011.

Plaintiff took no action thereafter until December 12, 2013 when he returned to this Court and, once again argued that the dismissal of his case was erroneous.  His Rule 60(b) motion this time, however, is based on Plaintiff's claim that the Court should have *sua sponte* questioned his mental competency and because it failed to do so, and failed to appoint a guardian who could prosecute this action on his behalf pursuant to Fed. R. Civ. P. 17(c), the judgment of dismissal is void.

As the Court of Appeals found with regard to Threatt's previous Rule 60(b) motion,  Threatt's present Rule 60(b)(4) motion is untimely. Motions brought under Rule 60(b)(4) must be filed within "a reasonable time," which is dependent on the facts of each case. Fed. R. Civ. P. 60(c)(1); *see Thompson v. Bell*, 580 F.3d 423, 443 (6th Cir. 2009), *cert. denied*, 131 S. Ct. 102 (2010) ("Whether the timing of the motion is reasonable 'ordinarily depends on the facts of a given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief.'" (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990))).  Threatt has provided no justification for filing his motion

more than twenty years after the *sua sponte* dismissal of his civil rights complaint, and he has not demonstrated extraordinary circumstances justifying relief from judgment.

Second, the district court's prior judgment is not void. A judgment is void under Rule 60(b)(4) if the court that entered it lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995). Plaintiff does not argue that the Court lacked personal or subject matter jurisdiction and the Court had no duty to *sua sponte* question Plaintiff's mental competency such that an appointment of a guardian to prosecute this action on Plaintiff's behalf pursuant to Fed. R. Civ. P. 17(c) might have been required. *See United States v. Miller*, 531 F.3d 340 (6th Cir. 2008) (where there was no manifestation of mental illness or mental incompetency, the court was not required to *sua sponte* question Plaintiff's competency to enter plea). Therefore, the Court's dismissal of Threatt's civil rights complaint in 1991 as frivolous did not violate due process.

For all of these reasons,

IT IS HEREBY ORDERED that Plaintiff's Rule 60(b) Motion **[Dkt. # 17]** is DENIED.

s/Gerald E. Rosen<br>
Chief Judge, United States District Court

Dated:  December 18, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 18, 2013, by electronic and/or ordinary mail.

s/Julie Owens<br>
Case Manager, (313) 234-5135