# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**ANTHONY THREATT,**

|   |   |
|---|---|
| **Plaintiff,** | **No. 91-cv-70336** |
| **vs.** | **Hon. Gerald E. Rosen** |

**SYLVESTER KITCHEN and**
**DEREK WOLFE,**

**Defendants.**

_____/

## ORDER DENYING PLAINTIFF'S MOTION
## TO REMOVE CASES AS STRIKES

## I.  INTRODUCTION

This prisoner civil rights matter is presently before the Court on Plaintiff's

"Motion to Remove Cases[1] as Strikes to Prevent a Grave Miscarriage of Justice."

Having reviewed the record of this matter and Plaintiff's litigation history in the

federal courts, the Court finds no merit in Plaintiff's motion.

## II.  DISCUSSION

---

[1] Plaintiff's handwritten motion referenced two case numbers:  the number assigned to this case and the case number of a case decided in the Western District of Michigan, *Threatt v. Fowley, et al.*, WDMI No. 91-cv-00033.  Plaintiff previously moved to have these two cases consolidated after both this case and the Western District's case had been dismissed. Therefore, the Court denied Plaintiff's motion to consolidate.  *See Threat v. Kitchen*, No. 91-70336, Dkt. # 4.

1

Plaintiff Anthony Threatt is a Michigan state prisoner, currently serving a six-to- twenty-year sentence for aggravated stalking, fourth offense habitual defender, at the Gus Harrison Correctional Facility in Adrian, Michigan.[2]

In 1990, Threatt filed the instant action under 28 U.S.C. § 1983 in the Western District of Michigan, against two Detroit Police Officers, Sylvester Kitchen and Derek Wolfe, the arresting officers who testified in Threatt's criminal case.  Threatt claimed in his § 1983 action that the two officers committed perjury when they testified at his trial.  As relief, Threatt sought damages in the amount of $5,000,000.00.  He also sought criminal prosecution of the two officers for allegedly committing perjury.  Venue was subsequently transferred to the Eastern District of Michigan and the case was assigned to this Court on January 25, 1991.  Finding that Plaintiff's complaint failed to state a cognizable § 1983 claim, on February 28, 1991, the Court dismissed the case pursuant to 28 U.S.C. § 1915A.[3]

---

[2]  *See People v. Threatt*, 254 Mich. App. 504, 504-505, 657 N.W.2d 819, 820 (2002); Michigan Department of Corrections, Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/OTIS2/otis2.aspx.

[3]  28 U.S.C. § 1915A provides, in relevant part,

**(a)  Screening**.  The court shall review, before docketing, if feasible or, in any event as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**(b)  Grounds for dismissal**.  On review, the court shall identify cognizable

Shortly thereafter, on March 4, 1991, the District Court for the Western District of Michigan also dismissed Threatt's separate § 1983 action for $5,000,000.00 damages against Valory Fowley, the state attorney who prosecuted Threatt, as frivolous. *See Threatt v. Fowley*, WDMI No. 91-cv-00033.

A search of court records indicates that Threatt's cases against the arresting officers and the prosecutor are not the only cases Plaintiff has filed in the federal courts. In addition to the two above-discussed cases, Plaintiff has filed no fewer

---

claims or dismiss the complaint, or any portion of the complaint, if the complaint --

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a), (b). *See also* 28 U.S.C. § 1915(e)(2):

(2) Notwithstanding any filing fee paid [pursuant to subsection (b)], or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --

\*\*\*

(B) the action or appeal --

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who was immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

3

than 17 other Section 1983 civil rights complaints.  *See Threatt v. Tremble*, WDMI No. 03-00127; *Threatt v. Lesatz*, WDMI No. 05-00097; *Threatt v. Birkett*, EDMI No. 07-11592; *Threatt v. Securities Classification Committee*, EDMI No. 07-12817; *Threatt v. Ramey*, WDMI No. 09-00248; *Threatt v. Capello*, WDMI No. 10-00111; *Threatt v. Karppinen*, WDMI No. 10-00307; *Threatt v. Michigan Dept. of Corrections Parole Board*, WDMI No. 10-00335; *Threatt v. Rose*, WDMI No. 12-00274; *Threatt v. Thomas*, WDMI No. 12-00277; *Threatt v. Perry*, WDMI No. 12-00278; *Threatt v. Davenport*, WDMI 13-00421; *Threatt v. Raymond*, WDMI No. 13-00422; *Threatt v. Shields*, EDMI No. 14-14129; *Threatt v. Eyke*, WDMI No. 14-00144; and *Threatt v. Williams*, EDMI No. 15-12585.[4]

The court records further indicate that five of Plaintiff's cases -- *Threatt v. Kitchen*, EDMI No. 91-70336 (i.e., this case); *Threatt v. Fowley*, WDMI No. 91-00033; *Threatt v. Birkett*, EDMI No. 07-11592; *Threatt v. Security Classification Committee*, EDMI No. 07-12817; and *Threatt v. Ramey*, WDMI No. 09-00248 -- were dismissed pursuant to § 1915A for being frivolous, malicious, or for failing to state a claim upon which relief could be granted.  As a consequence of these dismissals, Plaintiff has been denied leave to proceed *in forma pauperis* pursuant

---

[4]  Threatt  also filed two habeas corpus actions:  *Threatt v. Luoma*, EDMI No. 03-cv-72812, and *Threatt v. Birkett*, EDMI No. 06-cv-11742

to the "three strikes rule," 28 U.S.C. § 1915(g) in 10 cases:  *Threatt v. Capello*, WDMI No. 10-00011; *Threatt v. Karppinen*, WDMI No. 10-00307; *Threatt v. Michigan Dept. of Corrections Parole Board*, WDMI No. 10-00335; *Threatt v. Rose*, WDMI No. 12-00274; *Threatt v. Thomas*, WDMI No. 12-00277; *Threatt v. Perry*, WDMI No. 12-00278; *Threatt v. Davenport*, WDMI No. 13-00421; *Threatt v. Raymond*, WDMI No. 13000422; *Threatt v. Eyke*, WDMI No. 14-00144; and *Threatt v. Shields*, EDMI No. 14-14129.

Seeking relief from the "three strikes" bar, Plaintiff now moves to have this case, *Threatt v. Kitchen,* and the related case he filed in the Western District of Michigan, *Threatt v. Fowley,* removed as strikes.

Under the Prison Litigation Reform Act (the "PLRA"), a federal court may dismiss a prisoner's case if, on three or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because the complaint -- or any part of it -- was frivolous or malicious or failed to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(g); *Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999); *Pointer v. Wilkinson*, 502 F.3d 365 (6th Cir. 2007); *Witzke v. Hiller*, 966 F. Supp. 538, 540 (E.D. Mich. 1997).  It matters not whether the dismissals occurred after or prior to the effective date of PLRA.  *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998) (dismissals of actions entered prior to the effective date

of the PLRA also count toward the "three strikes" referred to in 28 U.S.C. §
1915(g)).  This "three strikes" provision of the PLRA prohibits a prisoner who has
had three prior suits dismissed for frivolousness, maliciousness or failure to state a
claim from proceeding *in forma pauperis* in a civil rights suit unless the prisoner
can show that he is in imminent danger of serious physical injury.  *See Clemons v.
Young*, 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003). A federal district court may
take judicial notice of a plaintiff's prior dismissals, *Green v. Nottingham*, 90 F.3d
415, 418 (10th Cir.1996); *Anderson v. Sundquist*, 1 F. Supp. 2d 828, 830 (W.D.
Tenn.1998), and may *sua sponte* raise the three strikes provision of the PLRA on
its own initiative.  *Witzke, supra*, 966 F. Supp. at 539.

In seeking to remove cases as strikes, Plaintiff Threatt does not allege any
facts indicating that he faced "imminent danger of serious physical injury"
contemporaneous with the filing of his complaints in *Kitchen* or *Fowley*; therefore,
the statutory exception to the three strikes rule is inapplicable.[5]  Instead, Plaintiff

---

[5]  Indeed, the acts about which Plaintiff complained in *Kitchen* and *Fowley*
occurred in 2000 - 2001, and the imminent danger exception requires that the
danger exist at the time the complaint was filed.  *See*, *Pointer v. Wilkinson*, *supra*,
502 F.3d at 371 n. 1 (citing *Malik v. McGinnis*, 293 F.3d 559, 562 (2d Cir.2002)
(joining Third, Fifth, Eighth, and Eleventh Circuits in holding that imminent
danger exception requires that the danger exist at time complaint is filed);
*Mulazim v. Michigan Dept. of Corrections*, 28 F. App'x 470, 472 (6th Cir.2002)
("An assault that occurred fifteen years ago does not constitute imminent danger
of serious injury." *Id.*)

argues that when he filed *Kitchen* and *Fowley,* he thought he was filing the cases as habeas corpus petitions under 28 U.S.C. § 2254. Therefore, he claims the cases should not be subject to the three strikes rule.

While Plaintiff is correct that habeas corpus petitions are not subject to the "three strikes" rule, *see Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir.1997) (dismissals of petitions for writ of habeas corpus are not counted for purposes of the "three strikes" rule); *see also Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir.1999); *Walker v. O'Brien*, 216 F.3d 626, 634 (7th Cir.2000), neither *Kitchen* nor *Fowley* can properly be construed as habeas corpus petitions.

The essence of a petition for a writ of habeas corpus is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Accordingly, the proper respondent (defendant) in a habeas case is the warden of the facility where the prisoner is being held. *Rumsfeld v. Padilla*, 542 U.S. 426, 435, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004). Even a cursory review of Plaintiff's complaints in *Kitchen* and *Fowley* shows that neither action presents a proper habeas corpus case.

7

First, neither case named the warden as respondent; rather they name the testifying police officers and the prosecutor of Plaintiff's criminal case as defendants. Second, in both cases, Plaintiff sought to hold the defendant police officer witnesses and the prosecutor liable for $5,000,000.00 each for committing/conspiring to commit perjury in his criminal prosecution. In *Brown v. Mills*, 639 F.3d 733 (6th Cir. 2011), the Sixth Circuit determined that the district court had properly construed the purported habeas petition as a civil rights complaint where the inmate alleged constitutional violations in his pleading for which he sought monetary damages, and accordingly rejected the plaintiff's argument that the district court should have construed his complaint, although filed as a civil rights action, as a habeas corpus petition.

Moreover, in *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless the prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486–87 (footnote

8

omitted). Plaintiff's allegations of perjured testimony at his criminal trial clearly call into question the validity of his conviction and he has not shown that his conviction has been invalidated. Therefore, his action is barred under *Heck*.

To the extent Plaintiff is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. at 500. Section 1983 cannot serve as a basis to challenge the fact of a plaintiff's criminal conviction.

Furthermore, the Court cannot convert a Section 1983 matter to a petition for a writ of habeas corpus. When a suit that should have been brought under the habeas corpus statute is prosecuted instead as a civil rights suit, it should not be "converted" into a habeas corpus suit and decided on the merits. *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir.1999). Instead, the matter should be dismissed, leaving it to the prisoner to decide whether to refile it as a petition for writ of habeas corpus. *Id*. Indeed, *Heck* clearly directs that once a federal district court determines that a plaintiff's claim, if valid, would necessarily imply the invalidity of his conviction, "the complaint *must* be dismissed"; it does not direct a court to construe the civil rights complaint as a habeas petition. *Heck*, 512 U.S. at

9

487 (emphasis added)  *See Murphy v. Martin*, 343 F. Supp. 2d 603, 610 (E.D. Mich.2004).

For all of the foregoing reasons, the Court finds no legal basis for construing or converting Plaintiff's complaints in *Kitchen* or *Fowley* as habeas petitions.  It follows that the Court will decline to remove *Kitchen* or *Fowley* as strikes under the "three strikes" provision of the PLRA, 28 U.S.C. § 1915(g).[6]

## CONCLUSION

For all of the reasons stated above in this Opinion and Order,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remove Cases as Strikes **[Dkt. # 20]** is **DENIED**.  The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith.  FED. R. APP. P. 24(a).

**IT IS SO ORDERED**.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  September 24, 2015

---

[6]  In any event, the Court notes that even if it were to remove these two cases as strikes, Plaintiff still would be barred from proceeding with further actions *ifp* as he would still have three strikes due to the dismissals of *Threatt v. Birkett*, EDMI No. 07-11592; *Threatt v. Security Classification Committee*, EDMI No. 07-12817; and *Threatt v. Ramey*, WDMI No. 09-00248, pursuant to § 1915A for being frivolous, malicious, or for failing to state a claim upon which relief could be granted.

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 24, 2015, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135

11